MAX LANGE ET AL V. FRED J. RUSSELL, CIRCUIT JUDGE OF MUSKEGON COUNTY.

REHEARING—CERTIFICATE OF COUNSEL UNDER CHANCERY RULE NO. 81—WHO COMPETENT TO MAKE.—MAKING OF NUNC PROTUNC.

Relators applied for *mandamus* to compel the respondent to vacate an order granting a rehearing, on the petition of the Auditor General in the matter of his petition for the sale of lands, in Muskegon County, delinquent for the taxes of 1893. An order to show cause was denied.

*P. M. Niskern (Smith. Nims, Hoyt & Erwin, of counsel)* for relators.

The facts as alleged in the petition for *mandamus* were as follows:

1. That at the September term, 1895, of the Muskegon circuit court, in Chancery, a decree was entered dismissing the petition of the Auditor General as to the taxes assessed upon the lands of the relators, for the reason that said taxes were invalid.

2. That on April 7, 1896, the Auditor General filed a petition for a rehearing as to relators lands: that on June 13, 1896, said petition came on for hearing, at which time the relators objected to its being heard because:

*a.* Said petition was not filed until after the time for taking an appeal had expired.

☐b. No good and sufficient reasons were set up in said petition upon which

to base the order asked for.

c. The certificate of counsel required by Chancery rule No. 81 did not accompany said petition.

3. That thereupon Bunker & Carpenter, who appeared as counsel for the Auditor General, asked leave orally to file their certificate *nunc protunc*, under said rule; that counsel for relators objected to the granting of said request for the reasons:

a. That the filing of said certificate at that time was not a compliance with said rule.

b. That Bunker & Carpenter were disqualified from making said certificate in as much as they represented the Auditor General in the matter of the petition for a rehearing, the same being signed by the Attorney General as solicitor for said petitioner and by Bunker & Carpenter as counsel, and that the Attorney General had never personally appeared as such solicitor.

That respondent despite said objections made an order by which, after reciting substantially the foregoing facts; that the petition was first brought on for hearing on April 11, 1896; that objection was made on the sole ground that the petitioner was not represented by solicitors entitled under the rules and practice of the court to be heard in his behalf in said matter; that said objection was overruled and the further hearing of the matter continued by consent to enable the relators to appeal to the Supreme Court, granted leave to the Auditor General to file said certificate, and directed that when filed, it should have the same force as if it had accompanied the petition for a rehearing.

4. That the hearing of said petition was continued to June 23, 1896; that a certificate was thereupon filed by Bunker & Carpenter to the effect that they had examined the case contained in the petition for a rehearing and in their opinion the decrees in favor of the relators were erroneous, in the particulars mentioned in said petition.

5. That on June 16, 1896, a petition to vacate said order was denied.